THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDELL E. WEAVER, ) | |
| ) | |
| *Plaintiff*, ) | No. 21 C 05148 |
| v. ) | |
| ) | Chief Judge Virginia M. Kendall |
| MARLENE HENZIE, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff Wendell Weaver's Motion for Sanctions against Defendant Dr. Rozel Elazegui pursuant to Federal Rule of Civil Procedure 30(d)(2). (Dkt. 116). Weaver's motion is granted.

**BACKGROUND**

Wendell Weaver brought this 42 U.S.C. § 1983 deliberate indifference action against Wexford Health Sources, Inc. and several individual doctors who worked at Stateville Correctional Center while Weaver was housed there. (Dkt. 29 at 1–5). Counsel for Weaver deposed one of the individual defendants, Dr. Rozel Elazegui, on September 29, 2024. (Dkt. 121 at 1). During the deposition, Weaver's counsel began inquiring about a prior case, *Est. of Gomes v. Cnty. of Lake*, 178 F. Supp. 3d 687 (N.D. Ill. 2016), in which Dr. Elazegui was a defendant and gave a deposition. (Dkt. 116 at 1; Ex. A, Dkt. 116-1 at 9–10 ((Dr. Elazegui Deposition Transcript)). When asked about the *Gomes* case generally, Dr. Elazegui's attorney, Robert Ayers, interposed a relevancy objection but told his client to answer the question. (Ex. A, Dkt. 116-1 at 18:6–11). Dr. Elazegui stated that thinking about the case gave him palpitations, and that he would rather not talk about it, after which Weaver's attorney said he would make his questioning quick. (*Id.* at 18:19–24). In the exchange that followed, Dr. Elazegui repeatedly refused to answer questions about the *Gomes*

1

case, and Mr. Ayers continued to object, now based on lack of foundation and form. (*Id.* at 19). Dr. Elazegui eventually asked to take a break because he was getting frustrated and experiencing palpitations. (*Id.* at 20:2–7).

After a brief break, Mr. Ayers instructed his client not to answer any further questions about the *Gomes* case. (*Id.* at 20:4, 20:12–21:9). He clarified that the basis for his objection and instruction was "[r]elevance, form, foundation," the untimely production of the prior deposition transcript, and "the fact that it's already been litigated." (*Id.* at 21:12–19). Immediately thereafter, Weaver's attorney attempted to contact the Court to resolve the objection, but the Court was not available. (*Id.* at 22–25). The deposition continued without further mention of the *Gomes* matter. After the deposition concluded, counsel for both parties met about reaching a mutual agreement on whether and how to reopen Dr. Elazegui's deposition to address the line of questioning at issue. (Dkt. 116 at 3). Mr. Ayers indicated that he would only agree if the deposition was limited and would otherwise stand by his objections. (*Id.*) Weaver then filed a Motion to Compel and Motion for Sanctions. (Dkt. 116).

On October 3, 2024, after a hearing, the Court granted Weaver's Motion to Compel and ordered Dr. Elazegui to sit for a continued deposition, not to exceed one hour, for questioning on the *Gomes* case. (Dkt. 119). In so ruling, the Court recognized that the proffered bases for Mr. Ayers's instruction that Dr. Elazegui not answer any questions about the case were legally incompatible with the rules governing depositions. (*See* Ex. E, 124-1 at 7 (Hearing Transcript)). The Court further ordered Dr. Elazegui and his counsel to respond to the Motion for Sanctions. (Dkt. 119). Mr. Ayers's filed a Response (Dkt. 121) to the Motion for Sanctions on October 17, 2024, and Weaver filed a Reply (Dkt. 124) on October 24, 2024.

2

**DISCUSSION**

It is rarely appropriate for an attorney to instruct a deponent not to answer a question during a deposition. The Federal Rules of Civil Procedure outline three such circumstances: "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); *Rojas v. X Motorsport, Inc.*, 275 F. Supp. 3d 898, 902 (N.D. Ill. 2017). Rule 30(d)(3), the only possible justifiable basis for Mr. Ayers's instruction,[1] allows for the suspension of a deposition if it is "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). Suspension of a deposition under Rule 30(d)(3) is appropriate only for the time necessary to obtain an order. *Id.*

I. **Justification for the Instruction**

Ayers argues that he had a good faith basis and substantial justification for his objections. (Dkt. 121 at 4). But Mr. Ayers's objections are not at issue in Weaver's Motion for Sanctions, only his instruction for his client not to answer questions about the *Gomes* litigation are. Ayers never indicated he was instructing his client not to answer questions about the *Gomes* case so that he could have time to move the Court for a protective order under Rule 30(d)(3)(A), either during the deposition or in the conversations that followed. In his response to the Motion for Sanctions, however, he represents that this was his intent. (Dkt. 121 at 3).

Given the narrow category of instances when an instruction not to answer is appropriate, it is critical that attorneys follow the proper procedure. The proper procedure under Rule 30(d)(3)—when a deponent or party believes the other side is conducting a deposition in bad faith or in an annoying, embarrassing, or oppressive manner—is to halt the deposition and seek a protective

---

[1] The parties have not raised any claims of privilege or previous exclusion or limitation by the Court.

order. *Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007). Attorneys clearly violate Rule 30(c)(2) when they instruct their client not to answer "yet never present[] a protective order." *Id.* at 468. Even when the questioning attorney's behavior is clearly harassing, instructing a deponent not to answer is "untenable" unless done for one of the three explicit reasons set forth in Rule 30(c)(2). *Id.*

It is uncontroverted that Ayers did not follow the procedure set forth in Rule 30(d)(3). First, the transcript makes clear that it was Weaver's attorney, not Ayers, who attempted to contact the Court to resolve the instruction during the deposition itself. (*See* Ex. A, Dkt. 116-1 at 22–25). There is no mention of a protective order at any point during the deposition, and the post-deposition attempts to resolve the issue failed without Ayers filing anything with the Court. (Dkt. 116 at 3). This led to Weaver's attorneys, not Ayers, expending resources on a Motion to Compel when the Rules of Procedure clearly place that burden on Ayers and his client. (*See generally* Dkt. 116); Fed. R. Civ. P. 30(d)(3)(A).

Rule 30(d)(3) cannot retroactively absolve an instruction not to answer based clearly on more traditional evidentiary grounds. Courts in this district have found sanctions are appropriate when an attorney moves for a protective order well after a deposition in an "attempt to cover-up [their] improper" instruction not to answer. *Medline Indus. v. Lizzo*, 2009 WL 3242299, at *1 (N.D. Ill. Oct. 6, 2009). Here, there was not even a late-filed motion for a protective order; the first this Court is hearing of Rule 30(d)(3) as a basis for the instruction is in the Response to Weaver's Motion for Sanctions. (*See* Dkt. 121 at 3). Ayers's argument that he instructed his client not to answer because the deposition had "devolved from fact finding into annoyance and oppression" is disingenuous and unsupported by the record. (Dkt. 121 at 4). His objections were clearly based on relevancy, form, and foundation, and a review of the transcript indicates that the exchange was not

4

overly long or argumentative. If anything, the deponent's outright and repeated refusal to answer proper questions is more troubling than any of the questions posed by Weaver's counsel. (*See* Ex. A, Dkt. 116-1 at 18:22–20:4). For these reasons, the Court finds that Ayers's instruction for his client not to answer questions about the *Gomes* case lacks any justification, much less a substantial one. Thus, the Court finds Mr. Ayers's instruction not to answer did nothing but "impede[], delay[], or frustrate[] the fair examination" of Dr. Elazegui, warranting sanctions. Fed. R. Civ. P. 30(d)(2). The only question that remains is what form those sanctions should take.

## II. Appropriate Remedy

Mr. Ayers suggests that, if the Court determines sanctions are appropriate, any sanction award should be limited. Specifically, he argues the re-deposition of Dr. Elazegui can be taken at the Defendant's expense "with no further independent sanctions being necessary." (Dkt. 121 at 6). While the fees associated with the limited re-deposition are recoverable under Fed. R. Civ. P. 30(d)(2), that is not the extent of the sanctions that are appropriate on this record. Federal Rule of Civil Procedure 37(a)(5) provides for a mandatory award of reasonable expenses and fees incurred in litigating a Motion to Compel in certain circumstances. Here, as discussed above, Mr. Ayers's conduct undoubtedly "necessitated" Weaver's Motion to Compel. Fed. R. Civ. P. 37(a)(5). Weaver attempted "in good faith" to resolve the issues underlying his Motion to Compel short of Court intervention and the instruction not to answer was not "substantially justified." Fed. R. Civ. P. 37(a)(5)(i)–(ii). The Court finds no injustice in awarding expenses for the Motion to Compel in this case, thus the exceptions to the mandatory award of expenses and fees do not apply. Fed. R. Civ. P. 37(a)(5)(iii). Accordingly, Weaver is awarded the fees and expenses related to his Motion to Compel and accompanying Motion for Sanctions, in an amount of $7,482, which the Court has reviewed and finds reasonable. (*See* Ex. F, Dkt. 124-2 (Fee Schedule)).

5

Finally, pursuant to Fed. R. Civ. P. 30(d)(2). Weaver requests 50% of the costs and fees associated with Dr. Elazegui's first deposition. (*See* Dkt. 124 at 6). This includes $806.25 for drafting the deposition outline, $548.25 for the deposition itself, and $329.60 for the costs of ordering the deposition transcript. (Ex. F, Dkt. 124-2; Ex. G, Dkt. 124-3 (Transcript Invoice)). The Court finds that the cost of preparing the deposition outline and the cost for the deposition transcript are not recoverable as they represent costs that would have been incurred irrespective of Ayers's conduct during the deposition. Moreover, the Court finds that it is reasonable to award only 10% of the costs of taking the first deposition under Rule 30(d)(2) ($109.65). (*See* Ex. F, Dkt. 124-2).

## **CONCLUSION**

For the foregoing reasons, the Court grants Weaver's Motion for Sanctions [116] and imposes the sanction award on Mr. Ayers individually. Weaver is entitled to 100% of the reasonable costs and fees incurred the preparation of his Motion to Compel and Motion for Sanctions, 100% of the reasonable costs and fees stemming from the limited second deposition of Dr. Elazegui, and 10% of the fees stemming from the taking of Dr. Elazegui's first deposition. Weaver is given leave to file an updated fee petition with these expenses and a brief explanation of why they are reasonable within 21 days of the entry of this order.

_____
Virginia M. Kendall
United States District Judge

Date: April 29, 2025